IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CLEVIN PITTMAN,**

> Plaintiff,

v.                                                           Civil Action No. **3:19CV500**

**M. SIVELS,**

> Defendant.

## MEMORANDUM OPINION

Clevin Pittman, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this

civil action pursuant to 42 U.S.C. § 1983.[1] Pittman alleges that Defendant Sivels "stood by the

bed and watched [Officer] D.M. York choke [Pittman.]" (ECF No. 13, at 1.)[2] The matter is now

before the Court on the Motion to Dismiss filed by Defendant Sivels. (ECF No. 19.) For the

reasons stated below, the Motion to Dismiss will be DENIED WITHOUT PREJUDICE.

### I.  Standard for Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint:

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes
> to be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an action
> at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned to the parties' submissions by the CM/ECF
docketing system. The Court corrects the punctuation, spelling, and capitalization and omits the
emphasis in quotations from the parties' submissions.

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte,* statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll,* 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Pittman's Allegations

In his Particularized Complaint, Pittman names M. Sivels, an Officer with the Chesapeake Police Department, as Defendant. (ECF No. 13, at 1.) Pittman alleges the following:

> Officer M. Sivels stood by the bed and watched [Officer] D.M. York choke me (Clevin Pittman).
> He had a sworn duty to protect me, but he did not.
> He violated my 8th Amendment Rights by not protecting me Clevin Pittman under the Constitution.
> I . . . believe under the 8th Amend[ment] it states no harm shall come to another person and to protect and M. Sivels failed that. He allowed me to be choked by his co-worker.
> When Officer D.M. York was choking me and putting on me Clevin Pittman excessive force, Officer M. Sivels was just standing there watching. It was his duty to protect me and he did not and I believe it is an 8th Amendment violation.

(*Id.* at 1–2 (paragraph numbering omitted).)

## III. Analysis

In the Motion to Dismiss, Defendant Sivels raises three arguments to support dismissing the Particularized Complaint: 1) that Pittman failed to state a claim of excessive force against him on the basis of bystander liability; 2) that Pittman's successful recovery would necessarily imply the invalidity of his two state criminal convictions for assault on a law enforcement officer; and, 3) that Defendant Sivels is entitled to qualified immunity.

3

### A. **Failure to State a Claim**

Defendant Sivels argues that Pittman fails to state an Eighth Amendment claim. At this juncture, the Court must presume the truth of all Pittman's well-pleaded allegations. *Mylan Labs., Inc.,* 7 F.3d at 1134. With respect to the first contention, that Defendant Sivels did not use excessive force, the Court previously determined that Pittman stated a claim for relief sufficient to survive the Court's screening obligations. Therefore, the Motion to Dismiss will be DENIED on that ground.

### B. *Heck v. Humphrey*

Next, Defendant Sivels contends that Pittman's successful recovery would necessarily imply the invalidity of his two state criminal convictions for assault on a law enforcement officer, citing *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). Defendant Sivels attaches state court records to his Motion to Dismiss showing that Pittman was charged and convicted of assault on an officer for the incident that rests at the heart of this action. (ECF No. 20–1, at 2–5.) However, the Court fails to discern, and Defendant Sivels fails to explain, how the fact that Pittman was convicted for spitting on an officer necessarily precludes a finding that Defendant Sivels may also have violated Pittman's constitutional rights at or around the same time.

*Heck* bars a § 1983 action if it is clear from the record that its successful prosecution would necessarily imply the invalidity of plaintiff's earlier conviction. *Id.* at 486–87. The United States Court of Appeals for the Fourth Circuit has emphasized that "[t]he *Heck* analysis requires a close factual examination of the underlying conviction." *Riddick v. Lott,* 202 F. App'x 615, 616 (4th Cir. 2006) (citations omitted). Where, as here, the plaintiff's allegations involve claims of excessive force during the course of an arrest and the plaintiff also was convicted of charges of threatening, resisting or assaulting a police officer, resolution of the *Heck* inquiry often demands an examination of the trial record. *See id.* at 617 (alteration and omission in

4

original) (observing that "*Heck* does not bar § 1983 actions alleging excessive force despite a plaintiff's conviction for resisting arrest because a 'state court's finding that [a plaintiff] resisted a lawful arrest . . . may coexist with a finding that the police officers used excessive force to subdue [the plaintiff]'" (quoting *Martinez v. City of Albuquerque*, 184 F.3d 1123, 1127 (10th Cir. 1999))).

Defendant Sivels's *Heck* argument falters because Pittman's conviction for spitting on an officer does not preclude Pittman from bringing this Eighth Amendment claim. Should Defendant Sivels choose to renew his *Heck* challenge he must ensure that the proper supporting documents are attached in support thereof and raise a proper legal analysis.[3] Accordingly, the Motion to Dismiss will DENIED on this ground.

### C. Qualified Immunity

Finally, Defendant Sivels argues that he is entitled to qualified immunity "because he did not violate any of Mr. Pittman's rights, and if he did violate any of Mr. Pittman's rights, there was no clearly established law against Officer Sivels's conduct at the time and a reasonable police officer under the circumstances would not have known the conduct was illegal." (ECF No. 20, at 6–7.) "When qualified immunity is asserted, the reviewing court should usually first ask whether the right was violated on the facts alleged, and then determine whether that right was 'clearly established.'" *LeSueur–Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir. 2012) (citing *Smith v. Smith*, 589 F.3d 736, 739 (4th Cir. 2009)); *see Pearson v. Callahan*, 555 U.S. 223, 236 (2009) ("[W]e conclude that, while the sequence set forth [in *Saucier v. Katz*, 553 U.S. 194 (2001) ] is often appropriate, it should no longer be regarded as mandatory." (first alteration in original)).

---

[3] To the extent that Defendant Sivels renews his *Heck* challenge by means of a motion to dismiss, he also must explain with citation to controlling authority why the Court can consider the documents in a motion to dismiss. *See* Fed. R. Civ. P. 12(d).

Defendant Sivels's assertion of qualified immunity is limited to a recitation of the general jurisprudence governing qualified immunity. As noted above, Pittman has adequately alleged a violation of his Eighth Amendment rights based on the record the Court can consider on a motion to dismiss. Furthermore, Defendant Sivels fails to demonstrate that the right to not be subjected to excessive force was not clearly established. *See Allen v. City of Fredericksburg,* No. 3:09CV63, 2011 WL 782039, at *11 n.5 (E.D. Va. Feb. 22, 2011) (discussing the methodology for briefing the defense of qualified immunity). Accordingly, Defendant Sivels's Motion to Dismiss based upon qualified immunity will be DENIED.

### IV.  Outstanding Motions

Defendant Sivels's Motion to Transfer (ECF No. 21) will be DENIED WITHOUT PREJUDICE because no evidentiary hearing or trial has been scheduled at this juncture. If a trial or evidentiary hearing is scheduled, Defendant Sivels may renew his motion. Pittman also submitted a letter asking the Court to order counsel to provide the Court with a video of the body camera footage if the Court did not have the video. (ECF No. 27.) Pittman's request (ECF No. 27) will be DENIED. Finally, Pittman's Motion to Amend (ECF No. 31) will also be DENIED WITHOUT PREJUDICE.[4]

---

[4] Litigants may not spackle new allegations or defendants onto the original complaint. *See Williams v. Wilkerson,* 90 F.R.D. 168, 169–70 (E.D. Va. 1981). When a plaintiff seeks leave to amend his complaint, "a copy of the proposed amended pleading, and not simply the proposed amendment, must be attached to the motion." *Id.* at 170. Pittman did not submit a copy of his proposed amended complaint. Pittman may resubmit his proposed amended complaint in the proper manner.

A proposed amended complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Pittman must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant, *meaning replace in its entirety,* his current Particularized Complaint and all prior submissions. The amended complaint must stand or fall of its own accord and contain a prayer for relief.

## V.  Conclusion

For the foregoing reasons, the Motion to Dismiss (ECF No. 19) will be DENIED

WITHOUT PREJUDICE.  Any party wishing to file a motion for summary judgment should do

within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: Feb. 23, 2021
Richmond, Virginia

_____ /s/
M. Hannah Lauck
United States District Judge